*300 The opinion of the court was delivered by
Tix.ghmaN, C. J.
This action was brought by Barnet Quinn, the plaintiff below, against George Shaw, to recover a sum of money paid by him for taxes, due from the said Shaw in the year 1820, on account of real property of Shaw, occupied by the plaintiff, and for which the goods of the plaintiff, on the premises, were distrained on by the collector. On the trial of the cause, the defendant contended, that no taxes were due from him for the year 1S20, and that, if there had been, the goods of the plaintiff were not distrainable, and therefore the payment made by him was voluntary, and could not affect the defendant. Whether the goods of the plaintiff were distrainable for taxes due from his landlord, it will be unnecessary to consider, as my opinion will be founded on the other point, viz. that no taxes for the year 1820 were legally due from the defendant. By the facts appearing on the record, it is seen, that in the year 1819, vvhen the assessment was laid¿ and until the 24th day of April, 1820, Benjamin Shaw was owner of the property occupied by the plaintiff; and, consequently, was subject to the taxes. But the plaintiff supposes, that because Benjamin Shaw conveyed to George Shaw, on the 24th day of April, 1820, and the day of appeal for persons thinking themselves aggrieved by the taxes, was not until the 15th day of May, 1820, therefore, on an appeal by Benjamin Shaw, the taxes would have been taken off him, and laid on George Shaw. The reason why he supposes this would have been done, is, that Benjamin Shaw was owner, less than one quarter of the year, and George Shaw, all the remainder of it. But I cannot think this would have been good cause for making any alteration of the taxes, on an appeal. It is admitted, that, at first, the tax for the whole year 1820, was properly charged to Benjamin Shaw, who was the proprietor when the fax was laid. There is nothing in our tax laws, autho-rising an apportionment of the year’s tax, between different persons who might happen to be owners in the course of the year-. And a system of that kind would be productive of great inconvenience and confusion. The duplicates, with the names of several persons charged with the year’s tax, is delivered by the commissioners to the several collectors, with a warrant to collect the taxes from those persons, and not from any others. And the persons charged in the duplicate, are personally liable for the tax, and their bodies may be taken in execution, if no goods or chattels are to be found. In short, the collector can look to no other person. This seems to be admitted by the counsel for the plaintiff, in case the property is aliened after the day of appeal; but, if aliened before that day, it is contended that an alteration in the tax should be made on the appeal, and the duplicate made conformable to such alteration, before it is put into the hands of the collector. 'But, by what authority is such an alteration to be made on an appeal ? The appellant could not deny, that at all events he was liable for a part *301 of the tax, in proportion to the part of the year which had elapsed, before his alienation. Then, upon the plaintiff’s principle, two persons must be charged for different portions of the same year’s tax. No law has been shown for this, nor have I been able to find any thing like it, in any of the tax laws. When the person, who, in the beginning of the year is charged with the taxes, aliens during the year, it is his business to make his bargain with the alienee, respecting the taxes. This is generally understood, and provided for by the parties, so that there is no inconvenience in holding the alienor liable to the collector for the whole year’s taxes. I am of opinion, therefore, that there was error in that part of the charge of the Court of Common Pleas, in which the jury were instructed, that George Shaw was liable for the year 1820.
There was an exception taken by the defendant to the admission of a certain tax book in evidence. I shall say nothing on this point, as the exception has been abandoned. The judgment of the Court of Common Pleas is to be reversed.
Judgment reversed.